Argued and submitted April 15, 1991, reversed and remanded for reconsideration
February 12, 1992

In the Matter of the Compensation of
Opal L. Scarrioffini, Claimant.

Opal L. SCARRIOFFINI,
*Petitioner,*

*v.*

MARRIOTT CORPORATION,
*Respondent.*

(WCB 88-07137; CA A66594)

826 P2d 28

James S. Coon, Portland, argued the cause for petitioner. With him on the brief was Imperati, Barnett, Sherwood & Coon, Portland.

Charles L. Lisle, McMinnville, argued the cause for respondent. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Claimant sustained a compensable back injury and received an award of 35 percent permanent partial disability. She sought a hearing, and the referee found that she is permanently and totally disabled. The Workers' Compensation Board concluded that she is not totally disabled but increased the permanent partial disability award to 80 percent. Claimant seeks review, and we reverse and remand for reconsideration.

The Board found:

"Claimant, 57 years of age at hearing, has a 9th grade education and no GED. She has worked as a waitress her entire adult life.

"In August 1987, claimant compensably injured her low back while attempting to move a tray from a shelf.

"Claimant was first treated by Dr. Reynolds, family physician, and then referred to Dr. Wade, orthopedic surgeon. Wade released claimant from work. She has not worked since that time.

"Vocational services began in November 1987, but were suspended in January 1988 because of claimant's medical condition.

"Claimant's claim was closed by a February 22, 1988 Determination Order, awarding claimant 35 percent unscheduled permanent disability and 5 percent scheduled permanent disability for the loss of use or function of her right leg. Claimant requested a hearing.

"In April 1988, claimant sought treatment from Dr. Wayson, M.D.

"In July 1988, Dr. Zivin, M.D., performed an independent medical examination.

"Vocational services began again in June 1988. Claimant participated in a physical capacities evaluation, performed by Dr. Slack, M.D., but refused to attend a vocational evaluation on the advice of her attorney.

"Claimant's physical capabilities include lifting 5 pounds 80 to 100 percent of the time, carrying and pushing/pulling 5 pounds 60 to 80 percent of the time, and very limited bending, squatting, stair/ladder climbing, stooping, reaching above shoulder, kneeling, twisting or crouching. She is

restricted totally from unprotected heights and driving automotive equipment, moderately from exposure to marked changes in temperature/humidity and exposure to dust, fumes and gases and mildly from moving around machinery.

"In August 1988, Skilling conducted a vocational evaluation, based only on existing medical opinions and vocational information, including the physical capacities evaluation conducted by Dr. Slack."

On those findings, the Board made these ultimate findings:

"[1] Claimant is capable of intermittent sedentary work. [2] She has transferable skills. [3] She has not made reasonable efforts to obtain suitable and gainful employment. [4] Claimant suffers moderate permanent impairment resulting from her compensable injury. [5] She has suffered severe loss of earning capacity resulting from her injury."

Claimant contends that the Board's ultimate findings [2] and [3] are not supported by substantial evidence. Finding [2] is that claimant has transferable skills. However, in discussing the extent of claimant's disability, the Board said:

"After considering claimant's moderate impairment resulting from her compensable back injury, her limited physical capabilities, her age, her *complete lack of transferable skills*, and her limited education, we conclude that claimant suffers 80 percent unscheduled permanent disability resulting from her compensable injury." (Emphasis supplied.)

The Board used, in part, its conclusion that claimant had transferable skills to explain reversal of the referee's award of permanent total disability. Conversely, it used an opposite conclusion to increase the permanent partial disability. The referee had found that claimant lacked transferable skills. There is substantial evidence both to support that conclusion and the opposite one, because there are conflicting vocational evaluations. However, because of the internal inconsistency in the Board's opinion regarding an important fact, we cannot determine what the finding actually is or how to evaluate the Board's reasoning to its conclusion. That inconsistency and inadequacy must be resolved by the Board before we can conduct meaningful review.

In the light of that conclusion, we need not consider the other contentions.

Reversed and remanded for reconsideration.